Dear Mr. Fore:
We received your request and provide you with our opinion on the following issue:
 May the New Orleans Public Facility Management, Inc., in compliance with an arbitrator's order, pay its employees overtime compensation for time that the employees were not "working" without violating Article 7, Section 14 of the Louisiana Constitution of 1974?
As we appreciate the facts presented in your request, the Ernest N. Morial New Orleans Exhibition Hall Authority (hereafter referred to as "the Authority") is a political subdivision of the State of Louisiana. The Authority created the New Orleans Public Facility Management, Inc. (hereafter referred to as "NOPFMI") to manage and operate the Ernest N. Morial Convention Center in New Orleans. The Board of NOPFMI comprises the Board of the Authority. NOPFMI is a non-profit entity and all funds received by it become the funds of the Authority.
NOPFMI has a collective bargaining agreement with the International Brotherhood of Electrical Workers (hereafter referred to as "the Union"). The Union filed a grievance against NOPFMI concerning the work schedule. NOPFMI changed the work schedule from 8:00 am to 4:30 pm with a half hour, unpaid lunch break, to 8:00 am to 5:00 pm with a hour, unpaid lunch break. The grievance was submitted for arbitration, presumably as provided for in the collective bargaining agreement. The arbitrator ordered that the company, NOPFMI, pay its employees the amount of overtime compensation lost as a result of the change in the work schedule. The Authority's concern is that the order directs it to pay its employees for time when they were on their unpaid lunch break, and thereby, violate Louisiana Constitution Article 7, Section 14(A).
Article 7, Section 14(A) prohibits the State or any political subdivision of the State from loaning, pledging, or donating funds, property, or things of value of the State or any political subdivision to or for any person. The Louisiana Supreme Court ruled that Article 7, Section 14(A) is violated whenever the State or one of its political subdivisions seek to give up something of value when it is under no obligation to do so.City of Port Allen vs Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983). We previously opined that "obligation", as referred to by the court, means that the particular expenditure of public funds is in the discharge of a legal duty. Atty. Gen. Ops. 98-432 and 92-204. The question then becomes whether or not the arbitrator's award is an obligation so that the payment of overtime to the Authority's employees is an expenditure of public funds which is in the discharge of a legal duty.
Collective bargaining agreements are considered "contracts of employment" and are thereby excluded from the Federal Arbitration Act (9 U.S.C.A. Section 1-14) and the Louisiana Binding Arbitration Law (La. R.S. 9:4201, et seq.). While contracts of employment may not be covered under the federal and state arbitration acts, parties can agree to arbitration and a ruling from the arbitrator is binding on the parties. Again, assuming that the collective bargaining agreement between the Union and NOPFMI contained a valid arbitration provision, the arbitrator's award is binding.
Our office has consistently opined that the payment of a bonus or any other gratuitous, unearned payment to public employees is prohibited by Article 7, Section 14(A). Atty. Gen. Op. 95-323. Based on the facts presented, the employees worked 8 hours within a 9 hour workday rather than 8 hours within a 8 1/2 hour workday as provided in the collective bargaining agreement. The arbitrator ordered NOPFMI to restore the prior schedule and pay the amount of overtime compensation due its employees. Thus, the order to pay overtime is based on the finding that NOPFMI was without authority to expand the workday to 9 hours. As such, the Authority is being ordered to pay its employees earned
compensation.
Thus, it is our opinion that the arbitrator's award creates an obligation of the Authority and the expenditure of public funds to its employees would be in the discharge of a legal duty. The payment of overtime compensation in this instance is an earned payment to public employees and therefore is not prohibited by Article 7, Section 14(A).
Trusting this responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT
Assistant Attorney General
TVG:jv